IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| SMITH MARITIME, INC. | § § | |
| V. | § § | C.A. NO. _____ |
| L/B KAITLIN EYMARD and L/B NICOLE EYMARD, AND THEIR OWNERS, ASSOCIATED GAS AND OIL COMPANY, LTD. | § § § § § | IN ADMIRALTY<br><br>*In Rem* |

## **VERIFIED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Smith Maritime, Inc.**, Plaintiff in the captioned matter, and complains of Defendants, **L/B Kaitlin Eymard (Official No. 1124796 – IMO:8765060)** and **L/B Nicole Eymard (Official No. 1073465 – IMO: 8764456)** (hereinafter, "liftboats"), and their owner, **Associated Gas and Oil Company, Ltd.** (hereinafter, "Associated"), and for cause of action and damages would show unto this Honorable court as follows:

### **JURISDICTION**

1. This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The jurisdiction of this Court arises under the Constitution and laws of the United States, particularly 28 U.S.C § 1333 and 46 U.S.C. § 3141, et seq, as shown herein.

## ALLEGATIONS CONCERNING PARTIES

2. At all times which shall be mentioned the Plaintiff, Smith Maritime, Inc., was and is a Florida corporation which does business in the United States and specifically, the State of Louisiana, with its principal place of business at 967 Bulkhead Road, Green Cove Springs, Florida 32043.

3. On information and belief, the liftboats are now, or during the pendency of this action will be, within this district.

4. At all times pertinent to this Complaint, the vessels named herein were owned and operated by Associated Gas and Oil Company, Ltd., a Nigerian corporation, with its principal place of business at Plot 5B Birabi Street, Gra Phase I, Port Harcourt, Nigeria.

5. On October 23, 2009, Plaintiff and Defendants entered into a Baltic and International Maritime Council Standard Transportation Contract for Heavy and Voluminous Cargoes (hereinafter, "BIMCO Heavycon") whereby Plaintiff was to transport the liftboats from Morgan City, Louisiana, to Calabar, Nigeria, or other safe port.

6. On or about April 2, 2010, Plaintiff departed Morgan City, Louisiana with the liftboats in tow in accordance with the BIMCO Heavycon.

7. On or about April 16, 2010, the liftboats became unstable due to poor weather conditions and the tug and its tow were forced to divert the voyage to St. Thomas, U.S. Virgin Islands for repair, which was completed on or about May 5, 2010. The voyage to Nigeria continued thereafter.

8. On or about May 24, 2010, poor weather conditions were encountered and the liftboats partially broke free from their lashings, damaging the cargo. Because of this, the voyage was again forced to be diverted and sailed to Trinidad to effect repairs.

9. As certain parts of the liftboats could not be repaired in Trinidad, Defendant, Associated directed Plaintiff to return the liftboats to Morgan City, Louisiana for further repairs before continuing to Nigeria.

10. At all times, Plaintiff followed the instructions of Associated with respect to transporting the liftboats.

11. Due to the numerous diversions and needed repairs, Defendants have incurred stand-by and demurrage fees as of December 18, 2010 of approximately Three Million Two Hundred Thirty-Seven Thousand Nine Hundred Thirty-Eight Dollars and Thirty Cents ($3,237,938.30). These charges, including the demurrage fees continue to accrue, and were specifically agreed to in the BIMCO Heavycon between Plaintiff and Defendants, a true and correct of which is attached hereto as **Exhibit "A."**

12. Despite numerous requests to do so, the said Defendants have failed, neglected and refused to pay Two Million Nine Hundred Thirty-Seven Thousand Nine Hundred Thirty-Eight Dollars and Thirty Cents ($2,937,938.30) of the said charges which are now due and owing to Plaintiff on account thereof. (See Affidavit of Latham Smith, attached hereto as **Exhibit "B"**).

13. The vessel owners have breached the contract of carriage by failing, neglecting and refusing to pay said charges.

14. In addition to enforcing its lien for breach of a maritime contract, the charges incurred by Defendants are for necessaries, as all actions taken by Plaintiff were for the safety of the cargo and at the request of Associated Gas and Oil Company, Ltd. Accordingly, Plaintiff's possess a maritime lien pursuant to the Maritime Lien Act against the liftboats for the charges due and owing, together with interest, costs, *in custodia legis* expenses and attorney's fees.

15. In addition to filing this action, Smith Maritime is also making an arbitration demand on Defendants in accordance with the BIMCO Heavycon agreement in Houston, Texas.

16. Smith Maritime, Inc. also requests, by Ex Parte Motion, the issuance of a warrant for maritime arrest and an Order prohibiting the liftboats from departing this District and/or leaving the navigable waters of the United States until further Order of this Court.

## PRAYER

WHEREFORE, Plaintiff, Smith Maritime, Inc., prays:

1. That process in due form issue according to the rules and practices of this Honorable Court as well as Rules B, C and E of the Supplemental Rules for Admiralty and Maritime Claims, against the **L/B Kaitlin Eymard (Official No. 1124796 – IMO:8765060) and L/B Nicole Eymard (Official No. 1073465 – IMO: 8764456)**, their owner, engines, equipment, machinery, tackle, furnishings and appurtenances, and that all be cited to appear and answer, all and singular, the matters aforesaid;

2. That after due proceedings are had, for judgment in favor of Smith Maritime, Inc., against the **L/B Kaitlin Eymard (Official No. 1124796 – IMO:8765060) and L/B Nicole Eymard (Official No. 1073465 – IMO: 8764456)**, and their owner, **Associated Gas and Oil Company, Ltd.**, for the full amount of the outstanding balance owed to Smith Maritime, Inc., together with interest, costs, *in custodia legis* expenses, as well as attorney's fees;

3. That the **L/B Kaitlin Eymard (Official No. 1124796 – IMO:8765060) and L/B Nicole Eymard (Official No. 1073465 – IMO: 8764456)** be seized, arrested, condemned and sold by the United States Marshal of the Western District of Louisiana, and that the proceeds realized from such sale be paid over to Plaintiff in order to satisfy all outstanding amounts due, as well as to satisfy the aforesaid judgment;

4. That should the proceeds of the sale of the **L/B Kaitlin Eymard (Official No. 1124796 – IMO:8765060)** and **L/B Nicole Eymard (Official No. 1073465 – IMO: 8764456)** be insufficient to satisfy the claims of Plaintiff, that the available funds be distributed to Plaintiff, and that the Court enter a judgment for any deficiency or shortfall in favor of Plaintiff and against **L/B Kaitlin Eymard (Official No. 1124796 – IMO:8765060)** and **L/B Nicole Eymard (Official No. 1073465 – IMO: 8764456)**, *in rem*, and their owner, **Associated Gas and Oil Company, Ltd.,** *in personam*;

5. That an Order issue, prohibiting the **L/B Kaitlin Eymard (Official No. 1124796 – IMO:8765060)** and **L/B Nicole Eymard (Official No. 1073465 – IMO: 8764456)** from departing this District and the navigable waters of the United States of America, without prior notice given to the United States Marshal, to the substitute custodian appointed by this Court, and to Plaintiff herein, and in no event without leave by further Order of this Court to so depart;

AND FOR ALL OTHER GENERAL AND EQUITABLE RELIEF.

                Respectfully submitted,

                LABORDE & NEUNER

By:    */s/ Frank X. Neuner, Jr.*
       FRANK X. NEUNER, JR. - #7674
       JED M. MESTAYER - #29345
       One Petroleum Center, Suite 200
       1001 West Pinhook Road
       Lafayette, Louisiana 70503
       Phone: (337) 237-7000
       Facsimile: (337) 233-9450

       ***Attorneys for Plaintiff, Smith Maritime, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of December, 2010, the foregoing was electronically filed with the Clerk of this Honorable Court using the Court's CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that, on the same date, I mailed, faxed, or e-mailed the foregoing document and notice of electronic filing to all counsel of record who are non-CM/ECF participants.

/s/ *Frank X. Neuner, Jr.*
COUNSEL